PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHAN KULJKO, | ) | |
| | ) | CASE NO. 4:20CV0994 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| M.J. BAYLESS,¹ Warden, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

Petitioner Stephan Kuljko, an inmate at the Federal Correctional Institution in Elkton, Ohio ("FCI Elkton") at the time he filed the above-entitled *Pro Se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, claims the conditions at FCI Elkton in the Spring of 2020 put him at great risk of death or serious illness should he contract the COVID-19 virus. He contended that exposing him to this risk constituted cruel and unusual punishment under the Eighth Amendment. ECF No. 1 at PageID #: 2. A Brief in Support (ECF No. 6) was

---

¹ According to the Federal Bureau of Prisons ("BOP") website https://www.bop.gov/inmateloc/ (last visited June 1, 2022), Petitioner is now confined at FCI Morgantown. The Warden of that institution, M.J. Bayless, has been substituted for Mark Williams, Warden pursuant to Fed. R. Civ. P. 25(d). Kuljko never filed a notice of change of address with the Court.

(4:20CV0994)

subsequently filed by appointed counsel.[2] Respondent filed a Return of Writ (ECF No. 8). Kuljko filed Exhibits (ECF Nos. 11,[3] 15,[4] and 19[5]) and Supplemental Information (ECF Nos. 12[6] and 16[7]) in response. For the reasons that follow, the Petition is dismissed as moot.

Petitioner, a 64-year-old man, seeks release from prison, asserting that despite policies designed to slow the spread of COVID-19, prison officials at FCI Elkton cannot guarantee that he will not contract the virus. Petitioner contends he should be released from FCI Elkton and not be

---

[2] The Court appointed pro bono counsel for Petitioner pursuant to the Court's Pro Bono Civil Case Protocol. *See* LR 83.10; Revised Pro Bono Civil Case Protocol General Order 2007-02-2; Order (ECF No. 5).

[3] In compliance with a prior Marginal Order (ECF No. 10) and Electronic Filing Policies and Procedures Manual (Feb. 10, 2020) at §§ 19 and 24, Petitioner filed medical documents which contain confidential Privacy Act information (ECF No. 11) under seal.

[4] In compliance with a prior Order (ECF No. 14) and Electronic Filing Policies and Procedures Manual (Feb. 10, 2020) at §§ 19 and 24, Petitioner filed BOP Health Services Records from 02/01/2021 – 03/30/2021 (ECF No. 15) under seal.

[5] In compliance with a prior Order (ECF No. 18) and Electronic Filing Policies and Procedures Manual (Feb. 10, 2020) at §§ 19 and 24, Petitioner filed BOP Health Services Records from 9/8/21 – 2/10/22 (ECF No. 19) under seal. The records reveal that Petitioner received a dose of the COVID-19 Pfizer-BioNTech vaccine on January 7, 2022. *See* ECF No. 19-1 at PageID #: 242.

[6] Evidence of Petitioner utilizing his administrative remedies, all of which were denied, and a letter that addresses his prior and current medical conditions, the alleged lack of medical care provided at FCI Elkton, failure of the facility to abide by and provide inmates with proper hygiene products, and other issues Kuljko has encountered while incarcerated are attached as exhibits to ECF No. 12.

[7] Petitioner states that "in early August 2021, he slipped and fell in the restroom which resulted in a fractured left metatarsal. On January 12, 2022, Petitioner again tested positive for COVID-19. Finally, on or about February 10, 2022, Petitioner slipped on the ice resulting in injuries to his neck and back." ECF No. 16 at PageID #: 189.

(4:20CV0994)

subjected to continued exposure to the virus as it could cause him to suffer irreparable harm because he is a Stage 4 colon cancer survivor with a compromised immune system. He claims that being incarcerated during the COVID-19 pandemic is cruel and unusual punishment. In the alternative, Petitioner asks that he "be placed on supervised release, with the condition that he be placed on home confinement through the remainder of his custodial term." ECF No. 6 at PageID #: 41.

## I. Background

In August 2019, Petitioner was convicted in the District of Massachusetts after a 12-day jury trial. Kuljko was convicted on four wire-fraud counts and an obstruction-of-justice count; and was sentenced on November 6, 2019 to 156 months in prison followed by 36 months of supervised release, restitution of $2,772,160.20, and a $500.00 special assessment. *See United States v. Kuljko*, No. 1:17-cr-10075-MLW (D. Mass. filed March 28, 2017). Petitioner's anticipated release date is September 15, 2030. *See* https://www.bop.gov/inmateloc/ (last visited June 1, 2022).

## II. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.' " *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting § 2241(c)(3)). The Court may dismiss the Petition at any time or make any such disposition as law and justice require, if it determines

3

(4:20CV0994)

the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

### III. Law and Analysis

#### A.

While Petitioner was still an inmate at FCI Elkton, appointed CJA counsel in his criminal case filed an Emergency Motion for Order Recommending Temporary Release as a result of the outbreak of the COVID-19 virus at the prison. In April 2020, the motion was denied by the sentencing judge. *United States v. Kuljko*, No. 1:17-cr-10075-MLW (D. Mass. April 9, 2020). After Kuljko was transferred to FCI Morgantown, the same appointed CJA counsel filed a Motion to Reduce Petitioner's Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). The motion was subsequently denied by the sentencing judge for reasons set forth on the record during a hearing conducted in June 2021. *United States v. Kuljko*, No. 1:17-cr-10075-MLW (D. Mass. June 3, 2021). Petitioner did not appeal either ruling to the United States Court of Appeals for the First Circuit.

As noted by Respondent in the Return of Writ, ECF No. 8 at PageID #: 69, the Sixth Circuit explained with regard to compassionate release that "only the sentencing court is authorized to reduce a term of imprisonment." *Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)); *Washington v. Warden Canaan USP*, 858 Fed.Appx. 35, 36 (3d Cir. 2021) (per curiam) (affirming dismissal of a § 2241 habeas petition wherein "the District Court noted that, insofar as a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) was embedded in [the petitioner's] habeas petition, such a request needed to be

(4:20CV0994)

directed to the sentencing court. . . .").  The denial of Kuljko's motion to reduce sentence by the sentencing court in June 2021 does not permit him to circumvent that decision by attempting to continue to pursue the same relief in this Court.  "A district court reviewing a claim under § 2241 does not have authority to circumvent the established procedures governing the various forms of release enacted by Congress."  *Wilson*, 961 F.3d at 838.  Thus, Petitioner may not continue to pursue his claim for compassionate release in this Court *via* a § 2241 habeas petition.

**B.**

Warden Williams's Return of Writ points out that Kuljko seeks the same relief as the subclass of plaintiffs in the case styled *Wilson v. Williams*, No. 4:20CV0794 (N.D. Ohio filed April 13, 2020), another action that raised the same claims for relief that are the subject of the case at bar.  *See* ECF No. 8 at PageID #: 67.  In *Wilson*, U.S. District Judge James S. Gwin issued a preliminary injunction that required the BOP to classify inmates at FCI Elkton according to their age and/or risk of harm from COVID-19.  Judge Gwin's preliminary injunction order directed defendants in *Wilson* to either release or take other actions in respect to the subclass.  *Wilson v. Williams*, No. 4:20CV0794 (N.D. Ohio April 22, 2020).  On June 9, 2020, the Sixth Circuit vacated the preliminary injunction, finding that plaintiffs had not shown a likelihood of success on the merits on the same Eighth Amendment claim Petitioner advances in the present case.  *Wilson*, 961 F.3d at 844.

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."  *Chevalier v. Estate of Barnhart*, 803 F.3d 789,

5

(4:20CV0994)

794 (6th Cir. 2015) (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)). In order for a federal court to retain jurisdiction over a case, an actual controversy must exist "at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (citations omitted). "To satisfy the 'case' or 'controversy' requirement of Article III, . . . a plaintiff must, generally speaking, demonstrate that he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (citations omitted).

      The Court's judicial notice that Petitioner has been transferred from FCI Elkton to FCI Morgantown requires the undersigned to determine whether the Court still has jurisdiction to decide the case at bar. When an inmate files suit against a prison official at the institution of his incarceration based upon that official's wrongful conduct and that inmate is subsequently transferred or released, courts routinely dismiss the declaratory and injunctive relief claims as moot. *Sossamon v. Texas*, 563 U.S. 277, 304 (2011) (citations omitted) (Sotomayor, J., dissenting) ("A number of . . . suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits."). This is because an inmate's transfer or release ends the alleged violations of his constitutional rights, which "render[s] the court unable to grant the requested relief." *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 724 (6th Cir. 1993) (quoting *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)). Specifically, habeas corpus actions "under section 2241 [become] moot if a change in the petitioner's conditions of

(4:20CV0994)

imprisonment precludes the district court from providing any 'effectual relief.' " *Geddes v. Lindsay*, No. 07 Civ. 5054 (NGG), 2008 WL 2620129, at *3 (E.D.N.Y. July 1, 2008) (quoting *Levine v. Apker*, 455 F.3d 71, 77 (2d Cir. 2006)); *see also Hart v. Williams*, No. 4:20CV1043, 2022 WL 565403, at *2 (N.D. Ohio Jan. 4, 2022) *report and recommendation adopted*, No. 4:20CV1043, 2022 WL 562928 (N.D. Ohio Feb. 24, 2022) (petition for writ of habeas corpus under 28 U.S.C. § 2241 dismissed as moot).

There is an exception to mootness, however, for cases presenting a claim which is capable of repetition yet evading review. The "capable-of-repetition doctrine applies only in exceptional situations." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (internal citation and quotation marks omitted). The doctrine applies when the following two circumstances are simultaneously present: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *United States v. Juvenile Male*, 564 U.S. 932, 938 (2011) (brackets omitted).

Petitioner's claims must be dismissed because the court lacks jurisdiction over them. First, Kuljko's transfer requires that he show that his claims fall within the capable-of-repetition doctrine, which he has failed to do. Petitioner has not provided any allegations that the Court could reasonably expect that he would face the same risk of serious illness or death at FCI Morgantown as he alleged he faced at FCI Elkton. *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983).

(4:20CV0994)

Even if Kuljko had made sufficient allegations, his petition would still require dismissal. First, a portion of Petitioner's requested relief – release from FCI Elkton – is moot in light of his transfer from the facility. *Geddes*, 2008 WL 2620129, at *3. The Court cannot order him to be released from FCI Elkton because he is no longer held at that facility. Second, Kuljko's contentions about the conditions of his confinement are improper under § 2241. Petitioner contends that the conditions of his confinement violate the Eighth Amendment prohibition against cruel and unusual punishment and he seeks release because he has concerns about exposure to COVID-19 and the lack of sufficient policies to protect him. Conditions of confinement claims, however, cannot be raised under § 2241. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013).

In general, habeas corpus is available to prisoners seeking relief from unlawful imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Federal prisoners may use § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Habeas relief under § 2241, however, generally is not available to review questions unrelated to the cause of detention. *Martin*, 391 F.3d at 714. Prisoners challenging the conditions of their confinement must do so through a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973); *Connolly v. Williams*, No. 4:21CV0050, 2021 WL 1022453, at *2 (N.D. Ohio March 17, 2021).

8

(4:20CV0994)

And even if such claims could be raised, it is doubtful whether Petitioner's claim would succeed as the Sixth Circuit has previously found that, in the context of § 2241, medically vulnerable inmates at FCI Elkton, which included Kuljko, were not likely to succeed on the merits of an Eighth Amendment claim based on COVID-19 circumstances. *See Wilson*, 961 F.3d at 844; *see also Cook v. Fed. Bureau of Prisons*, No. 4:21CV0766, 2021 WL 6064750, at *5 (N.D. Ohio Dec. 21, 2021) (Pearson, J.) (dismissing an FCI Elkton inmate's complaint alleging "essentially the same claims related to COVID-19 conditions" as *Wilson*, because it lacked merit on its face in light of the Sixth Circuit's decision in *Wilson*).

### C.

Finally, a petition under § 2241 must be filed in the district court having jurisdiction over the petitioner's custodian. *See Taylor v. Morrison*, 14 Fed.Appx. 380, 381 (6th Cir. 2001). Although this Court retained jurisdiction despite Petitioner's transfer, *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004), transfer may be considered for the convenience of the parties or in the interests of justice. *See* 28 U.S.C. § 1404(a). Here, however, transfer of this action to the Northern District of West Virginia, which has jurisdiction over claims arising in regard to FCI Morgantown, would not serve the interests of justice.

In 2021, Petitioner filed a *Pro Se* Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Motion to Amend Petition for Habeas Corpus Pursuant to § 2241 in the Northern District of West Virginia. *See Kuljko v. Bowers*, No. 5:21CV0127 (N.D. W.Va. filed July 26, 2021). In the original petition, Petitioner alleged that he was denied equal protection of the law, in that his request for home confinement under the CARES Act was denied by the BOP, while an

(4:20CV0994)

inmate who was similarly situated at FCI Morgantown was released. In his Motion to Amend, Petitioner sought to add a request for reduction of the actual term of incarceration to time served. In August 2021, the Motion was denied as futile, the Petition was dismissed with prejudice, and the district court declined to issue a certificate of appealability. *Kuljko v. Bowers*, No. 5:21CV0127 (N.D. W.Va. August 9, 2021). Petitioner did not appeal the ruling to the United States Court of Appeals for the Fourth Circuit.

### IV. Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is dismissed as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| June 3, 2022 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |